# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2018

Lyle W. Cayce
Clerk

CAROL PASELK,

Plaintiff-Appellant

v.

BAYVIEW LOAN SERVICING, L.L.C.; MICHAEL WALDRON; PEAK
FORECLOSURE SERVICES, INCORPORATED; LILIAN SOLANO; JACK
O'BOYLE & ASSOCIATES; JACK O'BOYLE; UNKNOWN PARTIES, all
Unidentified Associates, Directors, Managers, Staff, Employees, Members,
Supporters and Volunteers; all jointly and severally in their official, corporate
and/or individual capacities, and DOES 1-100 inclusive,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1383

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Carol Paselk sued the defendants for foreclosing on her residential
property.  She alleged violations of the Uniform Commercial Code, the
Racketeer Influenced and Corrupt Organizations Act (RICO), and 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-41061

§ 1983. She also asserted that the defendants had committed fraud and that the state court was without jurisdiction to enter a judgment in the foreclosure case. Finally, she sought quiet title under Texas law.

The district court noted that Paselk's property had been subject to foreclosure in 2012 and 2016. To the extent that the current claims were based on the 2012 foreclosure, the district court found that they were barred by res judicata. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Paselk has effectively abandoned this issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). She also has effectively abandoned any challenge to the dismissal of her claims against some defendants on the basis of qualified immunity by failing to brief the issue.

The district court dismissed the remainder of her complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim on which relief could be granted. We review a Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted). On appeal, Paselk has failed to show that the dismissal was error. The judgment of the district court is AFFIRMED.

Paselk has filed a motion for partial summary judgment, two motions to take judicial notice, and a repetitive motion to file an out of time reply brief. These motions are DENIED.